UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.M. CASTLE & CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-cv-4835 |
| THOMAS K. BYRNE and OILFIELD STEEL ) | |
| SUPPLY, LLC, ) | |
| ) | Judge Sharon Johnson Coleman |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff A.M. Castle & Co. ("Castle") filed a seven count complaint against defendants Thomas K. Byrne and Oilfield Steel Supply, LLC ("OSS") alleging that Byrne, while employed at OSS, misappropriated confidential customer lists, vendor contact information and sales data owned by his former employer, Castle. Castle claims that Byrne provided this confidential information to OSS, having retained the lists and information when he resigned from Castle, and that the defendants are unfairly pursuing Castle's customers. Defendants move to transfer the case pursuant to 28 U.S.C. § 1404(a) to the Southern District of Texas [7], arguing that Texas is a more convenient forum as the situs of material events, the residence of defendants and most potential non-party witnesses, in addition to the relative interests of justice. For the reasons stated below, this Court grants defendants' motion and transfers the case to the Southern District of Texas.

**Background**

Castle is a Maryland corporation with its principal place of business in Oak Brook, IL. (Compl. Dkt. #1 at ¶ 1) The corporation has 55 offices throughout the world, including two in Texas. (Defs' Mot. to Trans. Ven. at 7) One of the areas in which Castle does business is

1

supplying the oil and gas industry with pipes and other materials. (Compl. Dkt. #1 at ¶ 6) Byrne represented Castle in its Houston, Texas office selling pipes and other materials as an Inside Sales Representative. (*Id.*) While working for Castle, Byrne was based in Houston, and 90% of his customers are in Texas. (Defs' Mot. to Trans. Ven. at 6) Additionally, Byrne was subject to an Employee Confidentiality Agreement during the entirety of his employment with Castle. (Compl. Dkt. #1 at ¶ 8) This agreement stipulated that, at the end of his employment, Byrne would return all property of Castle and retain no copies. (*Id.*)

OSS is a Texas limited liability company with its principal place of business and sole office in Houston, Texas. (Defs' Orig. Answer at 2; Defs' Mot. to Trans. Ven. at 7) Additionally, OSS is a direct competitor to Castle in supplying pipe and materials to the oil industry. (Defs' Orig. Answer at 4-5) After Byrne, a Texas resident, resigned from Castle, he began working with OSS. (Compl. Dkt. #1 at ¶ 14) In all, since the beginning of 2013, Castle has lost 31 employees from its Houston office. (Defs' Mot. to Trans. Ven. at 7)

Castle alleges that before Byrne's resignation from the company, he forwarded confidential information from Castle to his home e-mail address and another e-mail address in his wife's name. (Compl. Dkt. #1 at ¶¶16-18) This information included e-mail contacts for Castle sales contacts, financial data for Castle, performance data on Castle personnel, lists of open transactions, and sales reports. *Id.* Further, Castle claims that while the data was being sent, Byrne was in talks with OSS to leave Castle and start working for OSS. *Id.* Defendants OSS and Byrne deny these allegations. (Defs' Orig. Answer at 6)

Castle alleges that an evaluation of the relevant evidence will likely include their "computer servers, computer access policies, data backup, and information" and associated IT personnel, all located in its headquarters in Illinois. (Pl's Resp. Br. at 5) Additionally, Castle

believes that it will need testimony from Castle employees based in Illinois. (*Id.* at 5) Castle also is willing to take the depositions of out-of-state witnesses wherever they may be located. (*Id.* at 10)

**Legal Standard**

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…" 28 U.S.C. § 1404(a) (2013). A party seeking a transfer under section 1404(a) has the burden of showing that another venue is more appropriate. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986). A court may order transfer when "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 798 (N.D.Ill. 1998).

**Discussion**

Here, there is no dispute that venue and jurisdiction are proper in both the Northern District of Illinois and the Southern District of Texas. The parties only dispute whether transfer will serve the convenience of the parties and the interests of justice. When determining whether a transfer will serve the convenience of the parties and the interests of justice, the Court should consider both private and public factors. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D.Ill. 2000). The private factors to be considered are: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses. *Amoco Oil Co.*, 90 F.Supp.2d at 960. The public factors the Court should consider include concern the judge's

familiarity with the applicable law and issues concerning the efficient administration of justice, including the speed at which the case will proceed to trial and each forum's relative interest in resolving the dispute. *Id*. at 961-962.

## I. Private Factors

### a. Plaintiff's Choice of Forum

A plaintiff's choice of forum is given substantial weight when considering transfer, especially when its choice of forum is its home forum. *First Nat'l Bank v. El Camino Resources, Ltd.,* 447 F.Supp.2d 902, 912, 914 (N.D.Ill. 2006); *Macedo v. Boeing Co.,* 693 F.2d 683, 688 (7th Cir. 1982). However, plaintiff's choice of forum is afforded less deference if another forum has a stronger connection to the dispute. *First Nat'l Bank,* 447 F.Supp.2d at 912. Furthermore, deference to the plaintiff's choice of forum is not absolute, and "where the plaintiff's choice of forum is not the site of material events, plaintiff's choice of forum is entitled less deference." *Id.* (citing *Am. Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc*., No. 02 C 8017, 2003 U.S. Dist. LEXIS 6412, 2003 WL 1895390, at *1 (N.D. Ill. Apr. 17, 2003); *see Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989)). Therefore, to determine the appropriate amount of deference to be accorded plaintiff's choice of forum, the Court must determine the situs of material events.

### b. Situs of Material Events

Castle asserts breach of contract, breach of fiduciary duty, and misappropriation claims against Byrne and OSS. This Court has repeatedly indicated that the situs of the material events should be accorded substantial weight when considering a transfer of venue. *See, e.g., Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F.Supp.2d 1052, 1058 (N.D.Ill. 2002) (where the situs of the material events lowered the deference accorded to the plaintiff's choice of forum); *Pansophic*

*Sys., Inc. v. Graphic Computer Serv., Inc.*, 736 F.Supp. 878 (N.D.Ill. 2001). In a breach of contract case, the situs is where the business decisions causing the breach occurred, in this case Texas. *Hinc v. Lime-O-Sol Co.*, 231 F. Supp.2d 795, 796 (N.D.Ill.2002).

The contract at issue is Byrne's confidentiality agreement that he entered while employed at Castle. Castle alleges that Byrne breached this contract and breached his fiduciary duty when he misappropriated Castle's confidential customer and vendor contact lists. Throughout Byrne's entire employment with Castle, he worked out of the company's Houston, Texas office. He continues to live in Houston and now works for defendant OSS, a Houston-based company. Additionally, 90% of Byrne's sales clients are also located in Texas, including his clients from his employment with Castle. Therefore, any decisions that Byrne may have made to unlawfully take Castle's property would have been made in Houston as would any action such as the electronic transfer of documents would have occurred in Houston where he is located. Because this Court finds the situs of material events is Texas, Castle's choice of forum is given less deference. This factor weighs in favor of transfer.

### c. Relative Ease and Access to Sources of Proof

Castle argues that this factor weighs against transfer because its servers and employment files are all in Illinois. Yet, where evidence is easily transferable, "access to proof" is a neutral factor. *Bafia v. Marion*, 2004 U.S. Dist. LEXIS 13437, No. 04 C 514, 2004 WL 1611074, at *3 (N.D. Ill. Jul. 16, 2004). Castle alleges that Byrne stole information electronically by transferring it via email. Thus, any documentary proof from either party is likely stored electronically and can thus be easily transferred to either district. This factor weighs neither in favor nor against transfer.

*d. Convenience of the Parties*

When considering the convenience of the parties, the Court considers both parties' relative expense in both transferor and transferee venue. *See First Nat'l Bank*, 447 F.Supp.2d at 912; *Medi USA v. Jobst Inst., Inc.*, 791 F.Supp. 208, 210 (N.D.Ill. 1992). However, transfer should not be used to simply shift one party's inconvenience to the other. *First Nat'l Bank,* 447 F.Supp.2d at 913.

Here, the convenience of the parties slightly favors transfer. Although it is true that Castle may be inconvenienced if transfer is granted, Castle is a much larger corporate entity and appears better equipped to handle litigation in another forum than OSS and Byrne, especially one where it has offices. Castle has 55 offices worldwide, including two in Texas. In contrast, Byrne is an individual resident of Texas and OSS has a single office in Houston. Castle argues that the defendants' have retained attorneys with offices in Chicago and thus, they would not be severely inconvenienced by litigation in Illinois. However, Castle's counsel has three offices in Texas, including one in Houston. *See* Fisher & Phillips LLP Contact Page (http://www.laborlawyers.com/contact). This Court finds this factor is neutral or weighs slightly in favor of transfer.

*e. Convenience of the Witnesses*

"The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer. More weight is afforded non-party witnesses than witnesses within the control of the parties, as it is presumed that party witnesses will appear voluntarily. In assessing this factor, the number of witnesses located in each forum and the importance of each witness' testimony must be considered." (internal citations omitted.) *First Nat'l Bank*, 447 F. Supp. 2d at 913. The Court should consider the availability of witnesses and

any costs associated with obtaining witnesses. *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F.Supp. 185, 189 (N.D.Ill. 1995). The burden is on the moving party to show that the testimony of these particular witnesses is necessary to his case by specifying key witness and make a generalized statement of their testimony. *First Nat'l Bank*, 447 F. Supp. 2d at 913.

Here, defendants assert that virtually all non-party witnesses and all the defendants' party witnesses are located in Texas. Both defendant Byrne and representatives of OSS are located in Houston. Defendants also refer to thirty-one former employees of Castle's Houston office that may be called to testify to the "diminishment of [Castle's] competitive standing in the market. (*See* Defs' Mot. to Transfer, Dkt. #7 at 7). Defendants also point to Castle's allegations that Byrne and OSS stole their customers as the basis for needing testimony from those customers. Castle alleges that Byrne stole client data, including information relating to his largest accounts and contact information for around 50 clients and vendors. (Compl., Dkt. # 1 at ¶ 16). While Byrne has dealt with customers and vendors throughout the United States, approximately 90% of his customers are in Texas. (Defs' Mot. to Transfer, Dkt. #7 at 6). Even though the defendants did not name with specificity any individual witnesses (as Castle vigorously argues), logic holds that more non-party witnesses will be located in the Southern District of Texas than any other place. The convenience of the witnesses favors transfer.

## II. Public Factors

Castle argues that as some these factors were first argued in its reply brief, they are deemed waived by the Defendant. Despite a party's ability to waive consideration of the convenience of parties in a motion to transfer, a Court must nevertheless consider the interests of justice. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

7

### a. Speed to Trial

When considering the speed to trial factor, the Court looks to Federal Court Management Statistics to evaluate which forum would provide a quicker resolution for the parties. *See First Nat'l Bank*, 447 F.Supp.2d at 913-14. According to these statistics, median time between filing and trial is 34.5 months in the Northern District of Illinois, but only 22.2 months in the Southern District of Texas. Fed. Ct. Mgmt. Statistics (2013), http://www.uscourts.gov/Statistics/FederalCourtManagement Statistics/district-courts-march-2013.aspx. The median time between filing and disposition is 6.6 months in the Northern District of Illinois, but is 7.5 months in the Southern District of Texas. *Id.* If this case was to end by disposition short of trial, then this district is slightly speedier. However, if the case goes to trial, the Southern District of Texas would resolve this matter one year faster than the Northern District of Illinois. *See Id.* Thus, this factor weighs in favor of transfer.

### b. Familiarity with Applicable Law

Generally, courts will decline to interfere with or control by injunction a business organized under the laws of another state. *Rogers v. Guar. Trust Co. of N.Y.*, 288 U.S. 123, 130 (U.S. 1933). Such controversies usually will be left to the courts of the state where the business is organized. *Rogers*, 288 U.S. at 130. Additionally, each court's familiarity with the applicable law will be considered. *See Amoco Oil Co.*, 90 F.Supp.2d at 962. Here, neither party suggests that there is a substantial difference between Illinois and Texas law on the disputed issues, therefore this Court need not delve into choice-of-law analysis. *See Wreglesworth v. Arctco, Inc.*, 316 Ill. App. 3d 1023, 1028, 738 N.E.2d 964, 969, 250 Ill. Dec. 495 (2000). Based on this Court's familiarity with the applicable law, this factor weighs neither in favor nor against

8

transfer. However, Castle is seeking injunctive relief and this Court notes that it would be easier to enforce such relief through the district court in Texas.

   *c. Relationship of Communities to Litigation*

"Resolving litigated controversies in their locale is a desirable goal of the federal courts." *Doage v. Bd of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). Here, while "Illinois has a strong interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state-actors," *Tranzact Techs., Inc. v. 1Source Worldsite*, 2002 U.S. Dist. LEXIS 1418, No. 01 C 8508, 2002 WL 122515, at *6 (N.D. Ill. Jan. 30, 2002), Castle is an international company with offices around the world, including two in Texas. Moreover, the instant dispute arises out of Byrne's employment with Castle and subsequent employment with OSS in Texas. The injury for which Castle is seeking redress occurred, at least primarily, in Texas. Accordingly, this factor weighs neither in favor nor against transfer.

**Conclusion**

In sum, with the exception of plaintiff's choice of forum, all of the factors for consideration on a motion to transfer for forum non conveniens either weigh in favor of transfer to Texas or are neutral. The situs of material events is Texas, the non-party witnesses all likely reside in Texas, and the case will proceed to trial faster in Texas. This Court grants defendants' Motion to Transfer Venue to the Southern District of Texas.

IT IS SO ORDERED.

Date: October 3, 2013

Entered: _____
U.S. District Judge